**ORDERED in the Southern District of Florida on October 9, 2026.**

**Erik P. Kimball**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**
**www.flsb.uscourts.gov**

In re: Case No. 26-16307-EPK
Chapter 11

DK ARENA, INC.,

Debtor.
_________________________/

**ORDER GRANTING MOTION TO APPROVE PROCEDURES FOR FREE AND CLEAR SALE OF SUBSTANTIALLY ALL ASSETS OF DEBTOR, STALKING HORSE BID AND BREAKUP FEE**

THIS CAUSE came before the Court on Tuesday, October 6, 2026, at 10:00 a.m., in West Palm Beach, Florida upon DK ARENA, INC.'s (the **"Debtor"**) *Motion to Approve Procedures for Free and Clear Sale of Substantially All Assets of Debtor, Stalking Horse Bid and Breakup Fee* [Dkt. No 54] (the "**Motion**"), pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 9014 and Local Rules 6004-1(a) for the entry of an order (1) approving competitive bidding and sale procedures for the sale of all of the Debtor's real estate assets, (2) scheduling dates to conduct sale and hearing to consider final approval of sale, including the treatment of executory contracts, (3) approving the form and manner of notices, (4) approving the sale of

substantially all of the Debtor's assets free and clear of all liens, claims, encumbrances and interests, including, if applicable, the assumption and assignment of any executory contracts, (5) authorizing and approving the Debtor's selection of a stalking horse, (6) authorizing and approving a breakup fee in connection with the stalking horse bid and (7) granting related relief, filed by the Debtor. Having reviewed the Motion and the record in this case, having considered the statements of counsel for the Debtor and other parties in interest, the Court finds that the Bid Procedures in connection with the proposed sale of the Property (as defined below) in accordance with this Bid Procedures Order are in the best interests of the Debtor's estate. Accordingly,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014;

B. The Court has jurisdiction over the Motion and the transaction contemplated thereby pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409;

C. The statutory bases for the relief requested in the Motion are (i) §§ 105, 363 and 365 of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**"), (ii) Bankruptcy Rules 2002(a)(2), 6004 and 9014, and (iii) Rule 6004-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "**Local Rules**");

D. Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Sale Hearing. A reasonable opportunity to object or be heard regarding the

relief provided herein has been afforded to creditors, equity holders and other parties in interest;

E. The Debtor's proposed notice of the Bid Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the sale of all of the Debtor's Property (the "**Property**"), and the Bid Procedures to be employed in connection therewith;

F. The Debtor articulated good and sufficient reasons for the Court to: (i) approve the Bid Procedures, and (ii) schedule the Sale Hearing, approve the manner of notice of the Motion and the Sale Hearing, and set the Objection Deadline (as defined below); and

G. The entry of this Bid Procedures Order is in the best interests of the Debtor, its estate, its creditors, equity holders and other parties in interest; and

H. The Bid Procedures are reasonably designed to maximize the value to be achieved for the Property.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion [Dkt. No. 54] is **GRANTED** as set forth herein.

2. Except as otherwise provided in this order, all objections to the Motion or the relief provided herein, that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The provisions of the Motion and the Stalking Horse APA[1] providing for the payment of the Break-Up Fee to Palm50 Acres, LLC ("**Palm50**") in the event that it is not the purchaser of the Property are approved.

4. The Bid Procedures attached to the Motion are incorporated herein and approved in their entirety. The Debtor is authorized to take any and all actions necessary or appropriate to

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

implement the Bid Procedures.

5. As further described in the Bid Procedures, the deadline for submitting bids for the Property (the "**Bid Deadline**") is October 26, 2026, at 5:00 p.m. (prevailing West Palm Beach, Florida time). No Bid shall be deemed to be a Qualified Bid or otherwise considered for any purpose unless such Bid meets the requirements set forth in the Bid Procedures.

6. If Qualified Bids are timely received by the Debtor in accordance with the Bid Procedures, the Auction shall take place on October 30, 2026, at 10:00 a.m. (prevailing Miami, Florida time), via Zoom, or such other place and time as the Debtor shall notify all Qualified Bidders and other invitees. The Auction shall be conducted in accordance with the Bid Procedures and will be recorded.

7. On or before November 2, 2026, the Debtor will file a notice with the Court disclosing the names of the highest bidder and the back-up bidder and the amounts of their bids in preparation for the Sale Hearing.

8. The Sale Hearing shall be held before the Court on November 4, 2026, at 2:00 p.m. (prevailing West Palm Beach, Florida time), or at such later date and time as directed by the Court.

9. Please refer to Judge Kimball's webpage for instructions on remote appearances at ***https://www.flsb.uscourts.gov/judges/judge-erik-p-kimball***.

10. Objections, if any, to the relief requested in the Motion in respect of the determination of which Qualified Bid is the Successful Bid or any other aspect of the Auction must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the clerk of the Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, 1515 North Flagler Drive, Suite 801, West Palm Beach, FL 33401 (or filed electronically via CM/ECF), on or before 4:00 p.m. (prevailing Miami, Florida time) two business days before the Sale Hearing (the "**Objection Deadline**"), and (iv) be served upon (a) counsel to the Debtor

(Robert C. Furr, Esq. and Alvin S. Goldstein, Esq., GrayRobinson, P.A., 2255 Glades Road, Suite 301A, Boca Raton, FL 33431), and (b) the office of the United States Trustee (51 SW First Avenue, Suite 1204, Miami, FL 33130), in each case, so as to be actually received no later than 4:00 p.m. (prevailing West Palm Beach, Florida time) on the same day.

11. On or before three (3) business days after the entry of this Bid Procedures Order, the Debtor will cause the Auction and Sale Notice, a copy of which is appended to this Order, to be sent by **first-class mail, postage prepaid** to the following: (a) all creditors or their counsel known to the Debtor to assert a lien (including any security interest), claim, right, interest or encumbrance of record against all or any portion of the Property; (b) the Office of the United States Trustee; (c) all applicable federal, state and local taxing and regulatory authorities having or asserting jurisdiction over the Debtor or recording offices or any other governmental authorities that, as a result of the sale of the Property, may have claims, contingent or otherwise, in connection with the Debtor's ownership of the Property or have any known interest in the relief requested by the Motion; (d) the state and local environmental agencies in the jurisdictions where the Debtor owns real property; (e) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Bid Procedures Order; (f) all parties to any litigation involving the Debtor; (g) all counterparties to any executory contract or unexpired lease of the Debtor; (h) all other known creditors and interest holders of the Debtor; and (i) all potential bidders previously identified or otherwise known to the Debtor.

12. Copies of exhibits to the Bid Procedures Motion may be obtained by request in writing, by telephone, or via email from counsel to the Debtor: Robert C. Furr, Esq. and Alvin S. Goldstein, Esq., GrayRobinson, P.A., 2255 Glades Road, Suite 301A, Boca Raton, FL 33431; e-mail at Robert.Furr@gray-robinson.com or Alvin.Goldstein@gray-robinson.com. In addition, copies of the aforementioned may be found on the Pacer website, http://ecf.flsb.uscourts.gov.

13. The Sale Hearing may be continued, from time to time, without further notice to creditors, equity holders or other parties in interest other than by announcement of said continuance before the Court on the date scheduled for such hearing.

14. If an Auction is conducted, the party with the next highest and best Qualified Bid, as determined by the Debtor, in consultation with Palm50, in the exercise of its reasonable business judgment, will be designated as the backup bidder (the "**Back Up Bidder**").

15. The Debtor, in consultation with Palm50, further reserves the right as it may determine to be in the best interests of its estate, to (i) determine which bidders are Qualified Bidders, (ii) determine which bids are Qualified Bids, (iii) determine which Qualified Bid is the Successful Bid and Back Up Bid, as applicable, (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the Bid Procedures or the Bankruptcy Code, or (c) contrary to the best interests of the Debtor or the estate, (v) waive any of the terms or conditions contained herein with respect to any or all of the potential bidders, impose additional terms and conditions with respect to all potential bidders, (vi) extend the deadlines set forth herein, (vii) continue or cancel the Auction or the Sale Hearing in open court without further notice, and (viii) modify the Bid Procedures as it may determine to be in the best interest of the estate.

16. To the extent that any chapter 11 plan confirmed in this case or any order confirming any such plan or any other order in this case (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) alters, conflicts with or derogates from the provisions of this Bid Procedures Order, the provisions of this Bid Procedures Order shall control. The Debtor's obligations under this Bid Procedures Order and the provisions of this Bid Procedures Order shall survive confirmation of any plan of reorganization or discharge of claims thereunder and shall be binding upon the Debtor and the reorganized or reconstituted debtor, as the case may be, after the effective date of a confirmed plan or plans in the

Debtor's case (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code).

17. The stay provided for in Bankruptcy Rule 6004(h) is hereby waived and this Bid Procedures Order shall be effective immediately upon its entry.

18. All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Bid Procedures Order in accordance with the Motion.

20. Notwithstanding anything to the contrary in this Order, as a condition to a Qualified Bidder obtaining access to the data room containing inspection reports that Palm50 obtained during due diligence, said Qualified Bidder shall execute an agreement (1) waiving any of its rights to file any claim or lawsuit against the service provider that provided said inspection report or Palm50 and (2) which acknowledges that said reports are being provided purely for informational purposes and that any Qualified Bidder should do its own due diligence.

21. The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Bid Procedures Order.

# # #

Submitted by:
Robert C. Furr, Esq.
Florida Bar No. 210854
GrayRobinson, P.A.
2255 Glades Road, Suite 301E
Boca Raton, FL 33431
Telephone: (561) 368-3808
Facsimile: (561) 368-4008
Email: robert.furr@gray-robinson.com

*Robert C. Furr, Esq. is directed to provide a copy of this signed Order to all parties of record and to file a Certificate of Service conforming with Local Rule 9036-2.*